[No. 48182-1-II.   Division Two.   February 22, 2017.]

ARTHUR WEST, *Appellant*, v. PIERCE COUNTY COUNCIL ET AL., *Respondents*.

*Arthur West*, pro se.

*Mark E. Lindquist, Prosecuting Attorney for Pierce County*, and *Daniel R. Hamilton, Deputy*, for respondent.

¶1 SUTTON, J. — Arthur West filed a complaint against the Pierce County Council (Council), alleging violations of the Open Public Meetings Act of 1971 (OPMA).[1] He appeals the superior court's order granting the Council's motion for summary judgment and dismissing his complaint with prejudice. In the published portion of this opinion, we hold that West had standing under the plain language of the statutory provisions in the OPMA. In the unpublished portion, we hold that summary judgment was appropriate on the merits because there was no substantive OPMA violation. Accordingly, the superior court did not err by granting the Council's motion for summary judgment. We affirm.

## FACTS

¶2 West filed an action under RCW 42.30.120 and .130 against the Council, alleging violations of the OPMA based on a series of e-mails between members of the Council and the Pierce County Prosecuting Attorney's Office. The Council filed a motion for summary judgment. The superior court concluded that West lacked standing and, alternatively, that he had failed to establish a genuine issue of material fact on the alleged OPMA violation. The superior court granted the Council's motion for summary judgment. West appeals.

---

[1] Ch. 42.30 RCW.

## ANALYSIS

¶3  West argues that because of our broad interpretation of the OPMA, he has standing as "[a]ny person" to bring an action under RCW 42.30.130. Br. of Appellant at 24. We hold that because the plain language of the OPMA confers standing on "any person," West has standing.

¶4  When the legislature creates a cause of action, we review the issue of standing based on the language of the statute. *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826, 380 P.3d 82 (2016). "Courts give effect to the plain meaning of unambiguous statutes." *West*, 194 Wn. App. at 826. "Courts may look at the provision of a statute in context to determine its plain meaning." *West*, 194 Wn. App. at 826.

¶5  The OPMA declares that "[a]ll meetings of the governing body of a public agency shall be open and public and all persons shall be permitted to attend any meeting of the governing body of a public agency, except as otherwise provided in this chapter." RCW 42.30.030. And, the OPMA creates two specific causes of action for violations of the act: civil penalties and injunctions. Under RCW 42.30.120, civil penalties may be assessed against members of a governing body who violate a provision of the OPMA and "an action to enforce this penalty may be brought by any person." RCW 42.30.120(3). Under RCW 42.30.130, "[a]ny person may commence an action either by mandamus or injunction for the purpose of stopping violations or preventing threatened violations of this chapter by members of a governing body."

¶6  Our Supreme Court addressed standing for an OPMA claim to void an agency action in *Kirk v. Pierce County Fire Protection District No. 21*, 95 Wn.2d 769, 630 P.2d 930 (1981). In *Kirk*, the petitioner brought an action to void an action by the Pierce County Fire Protection District based on the failure to provide notice of a special meeting to one of the commissioners. 95 Wn.2d at 771-72. In rejecting the petitioner's claim, our Supreme Court stated, "In any event,

even if the absent commissioner was not properly notified, petitioner has no standing to raise the matter of improper notice to a board member. Only the aggrieved member of the board could raise that issue, and he failed to raise it." *Kirk*, 95 Wn.2d at 772. The Council argues that *Kirk* imposes general standing requirements on every OPMA claim.

¶7 However, recently, Division One of this court directly addressed the standing requirements for OPMA claims brought under RCW 42.30.120 and .130. *West*, 194 Wn. App. at 826-28. In *West*, Division One distinguished *Kirk* and relied on the plain language of the OPMA. *West*, 194 Wn. App. at 827-28. Division One examined the statutory language of RCW 42.30.120 and .130 and determined that the plain language of the OPMA conferred standing on "any person" to bring a claim for sanctions or an injunction. *West*, 194 Wn. App. at 827-28.

¶8 The Council argues that we should reject Division One's opinion in *West* because it conflicts with the Supreme Court's opinion in *Kirk*. Division One adopted a narrow interpretation of *Kirk* because *Kirk* did not address the statutory causes of action established under RCW 42.30-.120 and .130. *West*, 194 Wn. App. at 827-28. Division One held that the holding in *Kirk* did not apply to *West* because *West* addressed the issue of direct standing for an action explicitly created by statute. *West*, 194 Wn. App. at 827-28. In contrast, *Kirk* addressed the issue of whether a petitioner could void an agency action based on the failure to provide notice to a third party. *Kirk*, 95 Wn.2d at 772. Division One then applied the plain language of RCW 42.30.120 and .130 to hold that "any person" has standing because the statutes by their express terms allow "any person" to bring a claim. *West*, 194 Wn. App. at 828. Because *West* addressed standing under the plain language of the OPMA, not standing for the implied cause of action voiding an agency action, Division One's opinion in *West* does not conflict with *Kirk*.

¶9 The Council also asserts that Division One's opinion in *West* is in conflict with *Kirk* because Division One's opinion would necessarily have changed the result reached by our Supreme Court in *Kirk*. What the Council fails to recognize is that *Kirk* did not address the specific statutory language in RCW 42.30.120 and .130. RCW 42.30.120 allows "any person" to bring a claim for sanctions, and RCW 42.30.130 allows "[a]ny person" to bring an action for an injunction; however, there is nothing in the statutory language of the OPMA that allows "any person" to bring a claim to void a governing body's decision for failure to give required notice to a third party. RCW 42.30.060(1). Although the OPMA declares that "[a]ny action taken at meetings failing to comply with [chapter 42.30 RCW] shall be null and void," the statute does not authorize any person to nullify or invalidate those actions. RCW 42.30.060(1). Accordingly, the result in *Kirk* likely would have been the same regardless of Division One's opinion in *West*.[2]

¶10 Contrary to the Council's assertion, Division One's holding that "any person" has standing to bring an action for sanctions or an injunction under RCW 42.30.120 or .130 does not conflict with our Supreme Court's opinion in *Kirk*. And, because Division One's holding is based on a plain language reading of RCW 42.30.120 and .130, and is well reasoned, we adopt its analysis. *Eriksen v. Mobay Corp.*, 110 Wn. App. 332, 346, 41 P.3d 488 (2002) (opinions of other divisions of this court are not binding but should be followed if the reasoning is sound). Accordingly, because West qualifies as "[a]ny person," he has standing to bring his claim for an injunction under RCW 42.30.130.

---

[2] The Council also argues that Division One's opinion in *West* is unsound because it bases part of its reasoning on the assertion that federal standing principles do not apply universally to Washington courts or cases brought under Washington law. The Council cites to *Casebere v. Clark County Civil Service Commission*, 21 Wn. App. 73, 584 P.2d 416 (1978) to support its argument that federal standing principles apply. But what the Council fails to point out is the court also stated that "the legislature may create statutory exceptions to this principle." *Casebere*, 21 Wn. App. at 76. Here, the legislature has explicitly created an exception to the federal standing rules in RCW 42.30.120 and .130, and therefore, the Council's argument lacks merit.

¶11  A majority of the panel having determined that only the foregoing portion of this opinion will be published in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, A.C.J., and JOHANSON, J., concur.